IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC § | |
| § | |
| v.  § | Case No. 2:12-CV-563-JRG-RSP |
| § | |
| HEARST COMMUNICATIONS, INC. § | |

## MEMORANDUM ORDER

Before the Court is Defendant Hearst Communications, Inc.'s Motion to Dismiss or in the Alternative to Sever and Transfer to the Southern District of New York (Dkt. No. 3, filed August 31, 2012). Hearst argues that the Southern District of New York is a clearly more convenient forum for this case. Plaintiff DietGoal Innovations LLC opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that the Eastern District of Virginia is a clearly more convenient venue that has superior connections to this case as compared to either venue proposed by the parties.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d

1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

A.  **Proper Venues**

The parties do not dispute that this case could have been brought in the Southern District of New York or the Eastern District of Texas. DietGoal contends that this suit could be brought in the Eastern District of Virginia, and Hearst "[does] not oppose transfer of this case to the Eastern District of Virginia on that basis . . . ." (Dkt. No. 46.)

B.  **Private Interest Factors**

  1.  **Cost of Attendance for Willing Witnesses**

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343-44.

**Defendant Hearst's Witnesses**

In support of its motion, Hearst relies on a declaration by Mark Weinberg, vice president of programming and product strategy for Heart Magazine Digital Media. (Weinberg Decl., Dkt. No. 3-2.) According to Mr. Weinberg, "Hearst's employees involved with the [accused] 'meal maker' tool are located in New York, New York." (*Id.* at 2.) Mr. Weinberg continues: "[t]echnical and business decisions regarding www.seventeen.com, including the 'meal maker'

tool, are made in New York, New York." (*Id.*) Mr. Weinberg does not identify any employees in particular, or identify the number of relevant witnesses in New York. Hearst also relies on a supplemental declaration by Ravi Sitwala, an attorney in Hearst's Office of General Counsel. (Sitwala Decl., Dkt. No. 46-1.) According to Mr. Sitwala, "the Seventeen [Magazine] witnesses . . . are all located in the Southern District of New York." Further, Mr. Sitwala claims that Mr. Weinberg "is now a former employee and therefore a non-party to the case," but does not allege that Mr. Weinberg possesses any documents, information, or knowledge not already possessed by current Hearst employees. (*Id.*)

### Plaintiff DietGoal's Witnesses

Timothy Salmon and Daniel Mitry, the managing members of DietGoal, reside in New York City. Mr. Salmon and Mr. Mitry are not inventors. Neither party's brief offers an explanation of what relevant testimony Mr. Salmon or Mr. Mitry may offer.

### Third Party Witnesses

*Inventor and Practicing Entity*

Dr. Oliver Alabaster, the inventor of the asserted patent, is a third party witness who resides in Alexandria, Virginia. (Mot. at 7.) Dr. Alabaster is also the founder and chief executive officer of DietFit, Inc., the third party entity that practices the asserted patent. DietFit is located in Alexandria, Virginia. (Resp. at 3.) Alexandria is located in the Eastern District of Virginia.

After the Court ordered the parties to submit limited supplemental briefing directed to whether this case could have been brought in the Eastern District of Virginia, Defendant questioned for the first time whether Dr. Alabaster is in fact a third-party witness. (Dkt. No. 46 at 1-2.) The basis for this contention is that DietGoal's initial disclosures identified Dr. Alabaster as a member of DietGoal. DietGoal has submitted evidence showing that it lawyers

erred in identifying Dr. Alabaster as a member of DietGoal, and clarified that his only relationship to DietGoal is that he is entitled to royalty payments. (Dkt. No. 48.) The Court accepts DietGoal's representations, and accordingly finds that Dr. Alabaster is properly considered a third-party witness.

*Prosecuting Attorney*

Steven Kelber, the attorney that prosecuted the asserted patent, has an office in Bethesda, Maryland. (Mot. at 7.) Bethesda is in the District of Maryland. However, Mr. Kelber is within the subpoena power of the Eastern District of Virginia.

*Other Third Party Witnesses*

According to Mr. Weinberg, the accused "meal maker" tool was developed by "Hearst, in conjunction with a third-party," in New York, New York. (Weinberg Decl. at 3.) Mr. Weinberg did not state where the employees involved in the development reside, and did not identify which third parties were allegedly involved in the "meal maker" tool's development, or where those third parties reside. (*Id.*)

*Prior Art Witnesses*

Neither party addresses the location of prior art witnesses. However, there are 11 U.S. patents and patent applications that have previously been identified by other defendants as potential prior art. All are cited on the face of the asserted patent. 2 of the references list inventors in New York, 2 of the references list inventors in Virginia, and the remaining inventors are in other states or overseas. (Mot. at 5.)

After considering all the evidence relevant to the convenience factor, the Court finds that the convenience of the witnesses weighs in favor of transferring this case to the Eastern District of Virginia, but also weighs in favor of transferring this case to the Southern District of New

York. The Eastern District of Virginia appears to be the most convenient forum for the specifically identified third party witnesses such as Dr. Alabaster and Mr. Kelber. Dr. Alabaster, as an inventor and executive of a practicing entity, appears to be a particularly important third party witness.

### 2. Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). "Documents relevant to the 'meal maker' tool are in New York, New York." (Weinberg Decl. at 2.)

DietGoal does not identify any particular sources of its own proof. There is likely to be discoverable evidence from Dr. Alabaster and DietFit, which would be located in Alexandria, Virginia. Given that the parties do not describe the type or quantity of evidence at any location, the Court finds that this factor should be given less weight. Nonetheless, this factor weighs in favor of transferring this case to the Southern District of New York and the Eastern District of Virginia.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

DietGoal's two members and Mr. Weinberg[1] are the only specifically identified non-party witnesses that are within the subpoena power of the Southern District of New York. There may be two prior art witnesses each within the subpoena power of the Southern District of New York and the Eastern District of Virginia. Dr. Alabaster (inventor) and Mr. Kelber (prosecuting

---

[1] For the sake of this motion, it is assumed that Mr. Weinberg is in fact a non-party witness, but that fact has not been conclusively determined. As noted above, neither party alleges that Mr. Weinberg possesses any knowledge not already possessed by current Hearst employees.

attorney) are witnesses within the subpoena power of the Eastern District of Virginia. Neither party has identified any witnesses that are within the subpoena power of the Eastern District of Texas. The Court finds that this factor weighs in favor of transferring this case to the Southern District of New York and the Eastern District of Virginia.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

The Court finds that this factor weighs in favor of transfer to the Eastern District of Virginia. There are no pending cases involving DietGoal in the Southern District of New York, but at least three other related cases are pending in the Eastern District of Virginia.

## C. Public Interest Factors

### 1. Local Interest in Having Localized Interests Decided at Home

Hearst argues that the Southern District of New York has a substantial connection to this case because Hearst is principally located in New York, and it is where its senior managers reside. (Mot. at 8.) The Court observes that the Eastern District of Virginia has a strong localized interest in this case because it is the situs of the inventive activity, and the entity formed to commercialize and practice the invention (DietFit) is presently located in the district. The Court finds that this factor weighs in favor of transfer to the Eastern District of Virginia.

### 2. Familiarity of the Forum With the Law that Will Govern the Case, Administrative Difficulties Flowing From Court Congestion, and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Court finds that the remaining public interest factors are neutral.

- 8 -

## CONCLUSION

After considering all of the relevant evidence and factors, the Court finds that Eastern District of Virginia is a clearly more convenient venue. Accordingly, it is **ORDERED** that this case be transferred to the Eastern District of Virginia.

**Signed this date.**

**Jun 19, 2013**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE